UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE CONAWAY,

    *Plaintiff*,

v.   Case No. 2:23-cv-12846

DETROIT PUBLIC SCHOOLS   District Judge
COMMUNITY DISTRICT,   Gershwin A. Drain

    *Defendant*.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## TO HOLD CASE IN ABEYANCE [#45]

In this employment discrimination case, the issue is whether the Detroit Public Schools Community District ("Defendant") failed to provide Nicole Conaway ("Plaintiff") a reasonable accommodation for COVID-19 when it prevented her from working fully remote once teachers began returning to the classroom. Presently, Plaintiff has filed a motion to hold the instant case in abeyance because she is pursuing parallel proceedings before the Michigan Employment Relations Commission ("MERC") and State Tenure Commission ("STC"). ECF No. 45, PageID.2535. The parties appeared virtually on August 13, 2024, and the Court heard argument on the Motion.

For the reasons stated on the record, and as supplemented by this Order,

1

Plaintiff's Motion is GRANTED.[1]

***

A district court has broad discretion to stay proceedings "incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This authority permits courts to control "the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (citation omitted).

On July 9, 2024, Defendant voted to terminate Plaintiff's employment on a finding that she had engaged in unprofessional conduct by refusing to return to work. ECF No. 45, PageID.2535. She argues that this decision prevents her from finding future employment, and she is now seeking to have the termination reversed by MERC and/or the STC. *Id.* Further, because Plaintiff asserts that her termination is a new and separate adverse employment action, she is also filing a new complaint before the Equal Employment Opportunity Commission ("EEOC") for disability discrimination and retaliation. *Id.* Plaintiff argues that these new parallel proceedings require the Court to hold the instant case in abeyance and withhold ruling on pending motions as findings of fact on her newest claims will likely impact the scope of her case.

---

[1] The relevant case background is outlined in the Court's Order Denying Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. ECF No. 40. Because the instant Order is solely for the benefit of the parties, the Court does not restate the facts here.

Defendant contends in response that holding the case in abeyance, and any concomitant close of discovery, is unnecessary because Plaintiff's claims related to her termination will not impact the Court's decision on the pending dispositive motions. ECF No. 50, PageID.2576. Further, Defendant argues that Plaintiff does not have valid grounds to request a stay of this nature because (1) she has failed to timely respond to discovery and (2) because neither her termination nor Defendant's motion to dismiss her claims for failure to exhaust were a surprise. *Id.* at PageID.2576–77.

In view of the parties' positions, the Court finds it best at this stage to dismiss Plaintiff's action without prejudice while she pursues her parallel proceedings to their conclusion. This process may continue until the end of 2024: proceedings before MERC will begin on September 10, 2024 and are expected to last two days; testimony and trial before the STC begin in early October and will span a week; and Plaintiff has informed the Court that her EEOC action is pending but does not have a discernible timeline at this time.

Given the potentially protracted delay before the instant case resumes, the parties agreed at the hearing to toll, as of the date of this Order, any relevant deadlines or statutes of limitations that could impact Plaintiff's ability to pursue her claims. The parties have also agreed that Plaintiff must produce responses to Defendant's pending requests for admission and interrogatories within two weeks of

the date of this Order. Lastly, once discovery is exchanged, the parties will submit to the Court a stipulated order dismissing the case without prejudice. Plaintiff is free to recommence the instant action if no resolution is reached in the interim.

**IT IS SO ORDERED**.

Dated: August 13, 2024 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 13, 2024, by electronic and/or ordinary mail.
/s/Marlena Williams
Case Manager

4